# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                            Civil No. 99-1112 BB/WWD
                                                            Crim. No. 96-411 BB

ARTHUR CARTER CLINGMAN,

       Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION
### Proposed Findings

    1. THIS MATTER comes before the Court upon Petitioner's Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255, filed September 29, 1999. Petitioner is presently incarcerated and is represented by retained counsel.

    2. On July 17, 1996, Petitioner, along with twenty-five other individuals, was named in a 28 count Indictment charging him with conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846, § 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2. Petitioner's conspiracy charge stemmed from his alleged involvement in the Singleton drug conspiracy.

    3. On March 11, 1998, Petitioner pled guilty to Count I of the Indictment pursuant to a written plea agreement, in which the parties agreed that the base offense level was 38, that a two level reduction was appropriate under 18 U.S.C. § 3553(f) and U.S.S.G. §5C1.2, and a two-level

reduction for acceptance of responsibility, resulting in a total offense level of 34. Based on a criminal history category of I, the parties also agreed that a sentencing range of 151-187 months was the appropriate disposition of the case and that the Government would dismiss the enhancement filed pursuant to 21 U.S.C. § 851. On July 2, 1998, Petitioner was sentenced to 151 months.

      4. Petitioner alleges the following grounds for relief:

    I. Whether the claims raised in the Petitioner's § 2255 motion can be raised under the terms of the plea agreement?

    II. Whether counsel was ineffective for failing to file a motion to dismiss the Indictment on Speedy Trial grounds?

    III. Whether the Petitioner's guilty plea should be vacated due to ineffective assistance of counsel?

    IV. Whether the Petitioner is entitled to an evidentiary hearing?

**First Ground - Waiver of § 2255 motion**

      5. The Government contends that by the terms of the plea agreement, Petitioner has waived his right to appeal his sentence or to collaterally attack his sentence pursuant to 28 U.S.C. § 2255. The agreement states that "defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Codes, Section 2255, except to the extent, if any, that the court may depart upwards from the applicable sentencing guideline range." (Ex. B, ¶ 9).

      6. Because this issue involves the bringing of collateral rather than direct appeals, cases which specifically address waiver of direct appeal rights are not very helpful. Some courts which have upheld waivers of direct-appeal rights have explicitly noted the availability of § 2255

collateral attack, while others have upheld collateral-attack waivers in certain instances. See Latorre v. U.S., 193 F.3d 1035, 1037 n.1 (8th Cir. 1999) (omitting numerous citations to decisions from other circuits).

7. The Tenth Circuit has not directly addressed a defendant's power to waive collateral-attack rights in a plea agreement, but nevertheless acknowledges that the issue turns on whether ineffective assistance of counsel has tainted the voluntariness of the plea or the waiver agreement itself. U.S. v. Vasquez, (Table, text in Westlaw), 1999 WL 795266 (10th Cir. N.M.) (citing Jones v. U.S., 167 F.3d 1142, 1144-45 (7th Cir. 1999)). According to Jones, although waivers are enforceable "as a general rule," the right to bring a collateral attack under § 2255 survives "only with respect to those discrete claims which relate directly to the negotiation of the waiver." Jones at 1145 (finding waiver of right to bring collateral attack because petitioner failed to adequately specify claim of ineffective assistance of counsel or otherwise attempt to argue coercion).

8. With only this guidance from our circuit, I am inclined to follow Jones.[1] Without determining Clingman's claims on their merits, they do present issues that arguably go to the involuntariness of entering into the plea agreement. Cmp. DeRoo v. U.S., 223 F.3d 919, 924 (8th Cir. 2000) (where petitioner alleged that counsel's failure to file a motion to dismiss the indictment, among other errors, induced him to plead guilty, the petition at least "facially" claimed that petitioner's decision to enter plea agreement and waive appeal rights was not knowing and voluntary).

9. In the present case, Clingman alleges that when he realized that counsel "could not

---

[1] The Court in Vasquez states "[w]hile the answer in other circuits turns on whether the ineffective assistance tainted the voluntariness of the plea or the waiver agreement itself [citing Jones], we need not reach this issue here."

3

possibly provide a vigorous defense to the charges," he was forced into entering a guilty plea. His contention is based on counsel's failure to investigate the possibility of using his agreement and prior activities as a confidential informant as a defense.[2] Because the claim thus at least facially touches on his willingness to enter into the plea agreement, I find that under the terms of the agreement, Petitioner has not waived his right to bring this § 2255 motion.

10.  Petitioner's claims are brought under the framework of ineffective assistance of counsel.  Under the two-part test for evaluating such claims, the Court asks first whether "counsel's representation fell below an objective standard of reasonableness." Hill v. Lockhart, 474 U.S. 52, 57 (1985) (quoting Strickland v. Washington, 466 U.S. 668, 688 (1984)).  To demonstrate that his attorney's performance fell below this standard, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Strickland, 466 U.S. at 689. In the context of a guilty plea, Clingman must also show that counsel's performance prejudiced him, i.e., "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 57 (1985).

**Second Ground - Ineffective Assistance (Speedy Trial)**

11.  Petitioner's allegations on the second ground are brought under the Sixth Amendment as well as under the Speedy Trial Act, 18 U.S.C. § 3161(a)(1).  He claims that since he did not enter a guilty plea until 19 months after his initial appearance, his counsel should have filed a motion to dismiss the indictment.

---

[2] Petitioner claims that he had made a deal to cooperate with the Government by providing information about the Singletons, and that he was charged in retaliation when he could not provide more information that the Government believed he had.

*Sixth Amendment Right to Speedy Trial*

12. The right to speedy trial is triggered on arrest or the bringing of a formal charge. United States v. MacDonald, 456 U.S. 1, 6 (1982). In determining whether a defendant has been deprived of his constitutional right to a speedy trial under the Sixth Amendment, a court should consider and balance the following factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) prejudice to the defendant. U.S. v. Lugo, 170 F.3d 996, 1002 (10th Cir. 1999) (citing Barker v. Wingo, 407 U.S. 514, 530 (1972)).

13. Of these factors, the length of the delay is the threshold consideration. Only if the delay is "presumptively prejudicial" will the court need to consider the remaining factors. Id. While the length of the delay is to some extent a triggering mechanism, the length of delay that will provoke an inquiry into whether the Sixth Amendment has been violated is necessarily dependent upon the peculiar circumstances of the case. Barker, 407 U.S. at 530; Harvey v. Shillinger, 76 F.3d 1528, 1533 (10th Cir. 1996).

14. Clingman was indicted on July 17, 1996 and was arraigned on August 16, 1996. He entered a guilty plea on March 11, 1998. An order of detention was entered on August 22, 1996. Thus, Petitioner did not enter his plea until approximately 19 months after he made his first appearance. The Government concedes that a 19-month delay is "significant," but points to the complexity of the case in arguing that this period of time cannot be considered to be presumptively prejudicial and maintains that this single factor is not enough to find a deprivation of Petitioner's Sixth Amendment right, see Barker, 407 U.S. at 533.

15. The peculiar circumstances of this case exemplifies the need for approaching the

speedy trial issue on the "ad hoc" basis recommended by the Supreme Court. Barker, 407 U.S. at 531. As a case involving 26 co-defendants and at least 26 counts, this was indeed a complex case. While 19 months may be considered presumptively prejudicial in many cases, the few months the delay stretches beyond what might normally trigger the Barker inquiry is negligible given the sheer numbers of defendants and charges in this case. See Doggett v. United States, 505 U.S. 647, 651-52 (1992) (length of delay presents double inquiry: court must first determine whether delay is presumptively prejudicial so as to trigger consideration of remainder of Barker factors, and, if so, court must then consider, as one of those factors, "extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim"); Barker, 407 U.S. at 531 (the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge).[3]

16. Thus, I agree with the Government in that I am not convinced the 19-month delay in this case is presumptively prejudicial to warrant an inquiry into the Barker factors. Nevertheless, presuming without finding such prejudice, I will consider the remaining Barker factors: length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.

*Reason for the Delay*

17. Petitioner contends that the delay was a result of the Government "holding out as long as possible" to see how many people it could get to enter guilty pleas and cooperate against the major players in the conspiracy. He points to several pleas that were entered into less than a

---

[3] Doggett recognized that, depending of the nature of the charges, a delay of more than one year between indictment and the start of trial is generally sufficient to trigger judicial examination of a speedy trial claim. 505 U.S. at 652 n. 1.

month prior to Clingman's plea.  The docket in the criminal case, Crim. No. 96-411 BB, reflects that several pleas were entered into in February 1998 (docket  # 1046, # 1048, # 1050, # 1055, # 1057).  However, several pleas were also entered into prior to that time (# 961 and # 989 in January 1998; # 815 and # 863 in November 1997; and docket # 229 in September 1996).  I find no evidence at all of the kind of delay tactics or stalling alleged by Petitioner.

       18.  In a <u>Barker</u> balancing test, a neutral reason, such as "negligence or overcrowded courts," should still weigh against the Government although it is given less weight than a deliberate government interference since "the ultimate responsibility for such circumstances must rest with the government rather than with the defendant."  <u>Barker</u>, 407 U.S. at 531.

       19.  However, in this case, I find no "neutral" reason that should be weighed against the Government at all.  There is a strong preference in the federal court system for jointly indicted defendants to be tried together.  <u>Zafiro v. United States</u>,  506 U.S. 534, 536 (1993); see <u>Richardson v. Marsh</u>, 481 U.S. 200, 209-10 (1987) (joint trials "play a vital role in the criminal justice system" by promoting efficiency and serving the interests of justice "by avoiding the scandal and inequity of inconsistent verdicts").  Id., at 210, 107 S.Ct., at 1708.  Therefore, the fact that the judicial process took longer than it would have for a less complex case due to the large number of defendants should not tip the balance toward the Petitioner and against the Government.

       20.  In January 1997, already six months after Clingman first made a court appearance, the Court was continuing to address indispensable preliminary matters relating to representation by counsel, sealing of documents, issuing of arrest warrants, and motions for reconsideration of conditions of release and orders of detention, to name a few.  If anything, the balance in this

speedy trial inquiry should tip against the Petitioner. Clingman participated in several *joint* motions for extensions of time (including the filing of legal motions).  See e.g., dockets # 301, # 359, # 392, # 420.  After January 1997, when discovery was getting underway, Clingman's co-defendants also filed large numbers of motions relating primarily to discovery matters.[4]  See U.S. v. Tranakos, 911 F.2d 1422, 1428 (10th Cir. 1990) (delays attributable to motions filed & continuances sought by defendants do not weigh against the government) (citing U.S. v. Loud Hawk, 474 U.S. 302, 316-17 (1986)).

21.  Finally, because the delay in this type of case is not unexpected, see discussion above, the reasons for the delay should not be attributed to the Government.  See, e.g., Garcia v. Thomas, (Table, text in Westlaw), 1998 WL 115854 (10th Cir. NM) (noting that sixteen-month period between petitioner's arrest and trial, while sufficient to trigger consideration of all the Barker factors, was not inordinate under the circumstances of case) (citing U. S. v. Santiago-Becerril, 130 F.3d 11, 22 (1st Cir.1997) (where crime charged was more complicated than ordinary street crime, but less complicated than complex conspiracy, fifteen-month delay tips scales only slightly in defendant's favor)); United States v. Lindsey, 47 F.3d 440, 443 (D.C.Cir.1995) (sixteen-month period between defendant's arrest and trial, on drug trafficking charges, was not extraordinary)), vacated on other grds. by Robinson v. U. S., 516 U.S. 1023

---

[4] For example, on January 31, 1997, Carlton Biggers filed thirteen motions, Johnathan Singleton filed eleven, and Ramiro Hernandez filed twelve motions.  Excerpts from the massive court docket in Petitioner's brief at pages 15 to 17 are misleading -- these motions as well as those attributable to Petitioner in seeking extensions of time are omitted.

Petitioner seeks to excuse these motions as the reasons for delay in the case because they were unrelated to the merits of the case, Reply at 4-5.  However, a case does not proceed in a vacuum.  Contrary to Petitioner's assertions, extensions in discovery deadlines and motion filings have a critical effect on the timeline a case follows and the speed with which it proceeds to trial.

(1995)).

*Assertion of Right*

22. However, Petitioner concedes that he has not asserted a speedy trial right until now, which weighs this factor heavily against him. See U.S v. Kalady, 941 F.2d 1090, 1095 (10th Cir. 1991) (appellate court is unimpressed by defendant who does not move for dismissal until trial is imminent); U.S. v. Dirden, 38 F.3d 1131, 1135 (10th Cir. 1994) (delayed assertion of speedy trial right weighed against defendant).

23. Petitioner seeks to shift the weight from him by arguing that his very failure to assert this right before now is due to ineffective assistance of counsel. I find this argument fruitless. First, I have not explicitly found the delay itself to be presumptively prejudicial in this case, which would obviate the need to consider the remaining Barker factors at all, including this one. Cmp. U.S. v. Forrester, 837 F.S. 43, 47 (D.C.Conn. 1993). Second, a review of the court docket showing the multitude of motions and matters this kind of case generates persuades me that such a motion would most likely have been unsuccessful. See e.g., Romero v. Keane, (Table, text in Westlaw), 1993 WL 228076 (S.D.N.Y.) (no prejudice resulting from counsel's failure to file speedy trial motion, since it would have been unsuccessful).

24. Third, Clingman's affirmative conduct in the underlying case seeking motions for extensions (thereby effecting delays in the case), belies an alleged concern at the time with a violation of his speedy trial right. Moreover, I note, as the Government does, in the defendants' joint motion dated January 15, 1997 (docket # 359), that they expressly waive their statutory rights to a speedy trial (under 18 U.S.C. § 3161) "for any period of delay occasioned by the Court's granting of [the motion]." This third Barker factor weighs against Petitioner.

*Prejudice*

25. The last factor in the inquiry -- whether the delay significantly prejudiced the defendant -- is assessed in light of three interests: preventing oppressive pretrial incarceration; minimizing anxiety and concern of the accused; and limiting the possibility that the defense will be impaired. Barker, 407 U.S. at 532, cited in U.S. v. Kalady, 941 F.2d 1090, 1095 (10th Cir. 1991). Although a showing of prejudice is not necessary to find a speedy trial violation, courts have expressed "great reluctance" to find a deprivation without such a showing. See Perez v. Sullivan, 793 F.2d 249, 256 (10th Cir.1986); U.S. v. Young, (Table, text in Westlaw), 1998 WL 883203 (10th Cir. Colo) (where first three Barker factors weighed in defendant's favor, court concluded that the delay in sentencing did not deprive her of a speedy trial because she had not made a sufficient showing of prejudice).

26. In addition, even though no single factor in the speedy trial inquiry is either a "necessary or sufficient condition to the finding of a deprivation of the right of a speedy trial," in a post-conviction context, the necessity of showing prejudice "dominate[s] the four-part balancing test." Perez, 793 F.2d at 256 (quoting Barker, 407 U.S. at 530, 533).

27. Petitioner argues that the delay between indictment and his plea was unconstitutional, but asserts no evidence or fact which would support a claim of prejudice. He does not provide the name of any witness, much less what the testimony would have been, nor does he allege that any witness' memory has faded as a result of the delay, much less show the required causal relationship between any such loss of memory and the claimed prejudice. See Perez v. Sullivan, 793 F.2d 249, 257 n.10 (10th Cir.1986) (speculative allegations of injury are unpersuasive); U.S. v. Tranakos, 911 F.2d 1422 (10th Cir. 1990) (no prejudice found where defendants failed to state

with any particularity what witnesses were unavailable to them as a result of the delay, or what exculpatory testimony would have been offered).

28. Although Clingman was incarcerated while awaiting trial, and undoubtedly experienced the considerable anxiety which normally results from pending criminal charges, he has not alleged any special harm or undue pressures that distinguish his case. See U.S. v. Dirden, 38 F.3d 1131, 1138 (10th Cir. 1994); U.S. v. Santiago-Becerril, 130 F.3d 11, 23 (1st Cir.1997) (considerable anxiety normally results from pending criminal charges; however, in determining prejudice from delay, only undue pressures are considered).

29. Accordingly, I conclude that the 19-month delay between Petitioner's arrest and his trial did not deprive him of his constitutional right to a speedy trial. His allegations of ineffective assistance must therefore fail as well. See Strickland, 466 U.S. at 687 (1984) (petitioner failed to establish that counsel rendered ineffective assistance because underlying claims lacked merit).

*Speedy Trial Act*

30. Petitioner also contends that the 19-month delay violated his statutory right to a Speedy Trial under 18 U.S.C. § 3161(c)(1), which provides in part that "a defendant be tried within seventy days from the filing date of the indictment or from the date on which defendant appears before a judicial officer, whichever date is later."

31. However, certain periods of delay are not counted towards the seventy day period set forth in 18 U.S.C. §3161(h). Under § 3161(h)(1)(F), "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" is excludable.

32. Clingman specifically argues that his motion to reconsider the Court's orders of

detention should be excluded from the seventy-day count, since it did not concern the merits of the case. He also contends that co-defendant Biggers' motions should be counted as to him.[5]

33. Neither argument has merit. First, Petitioner's motion to reconsider the detention orders are excludable, regardless of whether it addressed or had an effect on the merits of the case. The § 3161(h) exclusions do not take into account the nature of the motion, but rather are applied automatically. See U.S. v. Tranakos, 911 F.2d 1422, 1426 (10th Cir. 1990).

34. Second, the delay caused by Biggers' motions and the resulting delays, should be attributed to Clingman. See U.S. v. Gutierrez, 48 F.3d 1134, 1136 (10th Cir. 1995) (holding delays attributable to codefendants excludable); U.S. v. Tranakos, 911 F.2d 1422, 1425 (10th Cir. 1990) (finding that any "reasonable period of delay" excludable as to one defendant is excludable as to his or her codefendants).

35. Therefore, I find that Petitioner's rights under the Speedy Trial Act were not violated, and no ineffective assistance by counsel on this issue.

**Third Ground - Ineffective Assistance (plea recommendation)**

36. Clingman considers his plea involuntary and seeks to have the it vacated. Specifically, Petitioner contends that had counsel adequately investigated the possibility of using Clingman's activities as a confidential informant as a defense, he would not have pleaded guilty, but would have gone to trial. Instead, Petitioner claims that counsel "persisted in advising" him that a guilty plea was his "only legitimate option." Mem. at 25. Clingman's attorney told the

---

[5] To the extent that Petitioner also alleges that there are "other days after January 31, 1997 that could be included towards the seventy days" with no other specifics, and considering that the docket sheet in this case consists of over 1300 entries, I will regard this allegation as conclusory and lacking in a factual basis. See United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir.1994) (conclusory allegations insufficient to support claim).

sentencing Court that he did not "think it's in [Clingman's] best interests to proceed to trial." Id., at 17. He acknowledged that he told Petitioner this, and that he had "some pretty intense, long-winded arguments with him about that." Id.

37. To prevail on this issue, Clingman must show that the defense strategy, viz., that all his charges for activities carried out as a confidential informant, likely would have prevailed at trial. United States v. Gray, 182 F.3d 762, 767 (10th Cir.1999). According to statements made at the sentencing hearing, during the months immediately prior to and during the month of his arrest, Clingman was acting as informant in another investigation *separate* from the activities which formed the basis for his arrest. Tr. of Sentence Proceeding, July 2, 1998, at 3, 6-8.

38. I cannot find counsel's conduct to fall below an objective standard of reasonableness in advising Petitioner to plead guilty in such a situation, since the issue here is not whether counsel's advice would ultimately prove to be wrong, but whether it was completely unreasonable. See Hatch v. Oklahoma, 58 F.3d 1447, 1459 (10th Cir.1995) ( "For counsel's advice to rise to the level of constitutional ineffectiveness, the decision ... must have been completely unreasonable, not merely wrong, so that it bears no relationship to a possible defense strategy.").

39. Moreover, given Petitioner's rather severe sentencing exposure had he proceeded to trial, counsel's advice, from that perspective, was not unreasonable. See Hooks v. Ward,184 F.3d 1206 (10th Cir. 1999) ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time").

40. Even if this Court were to assume counsel's conduct to be constitutionally deficient,

Petitioner would still not prevail, as I do not find him to be prejudiced by entering a guilty plea instead of proceeding to trial. See Cooks v. Ward, 165 F.3d 1283, 1292-93 (10th Cir.1998), cert. denied, --- U.S. ----, 120 S.Ct. 94 (1999) (court may address the performance and prejudice components in any order and need not address both if a petitioner fails to make the requisite showing for one).

41. Prejudice is not established merely by a showing that the outcome of the proceeding would have been different had counsel's performance been better. Rather, "an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or reliable, is defective." Lockhart v. Fretwell, 506 U.S. 364 (1993). Here, Petitioner admitted that if he went to trial and lost, "being charged with career offender for two possession[s] of marijuana offenses back in 1973 and 1978, [he] would be facing a lot more time." Tr. Sent. Proceeding, at 18. Clingman's change-of-mind at this point does not change the fact that when he entered a guilty plea on advice of counsel, he did so at the time voluntarily. Relief should be denied on this ground.

**Fourth Ground - entitlement to evidentiary hearing**

42. Petitioner would be entitled to an evidentiary hearing on the issues of ineffective assistance of counsel if his allegations, if true and not contravened by the record, would entitle him to habeas relief. Miller v. Champion, 161 F.3d 1249, 1253 (10th Cir.1998). However, for the reasons given above, even if his evidence is true, he would not be entitled to habeas relief. See Walker v. Gibson, 210 F.3d 1284, 1287 (10th Cir. Okla). The request for a hearing should be denied.

43. In conclusion, I find that (1) Petitioner has not waived his right to bring this § 2255

petition; (2) that counsel was not ineffective for failing to file a motion to dismiss the Indictment on Speedy Trial grounds, under the Sixth Amendment or under § 3161; (3) that Petitioner's guilty plea was both knowing and voluntary, that counsel's advice to enter into the plea was not constitutionally ineffective, and the plea should not be vacated; and (4) that Petitioner is not entitled to an evidentiary hearing.

## Recommendation

I recommend that Petitioner's Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255 be DENIED and that this cause be DISMISSED WITH PREJUDICE in its entirety.

_____
UNITED STATES MAGISTRATE JUDGE